NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN MANUEL MEZA-ISLAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1917

Agency No.
A200-246-819

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024**
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Juan Manuel Meza-Islas (Meza-Islas), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

dismissing his appeal of the denial by an Immigration Judge (IJ) of withholding of

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

"Where, as here, the [BIA] adopts the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994) and provides its own review of the evidence and law, we review the decisions of both the BIA and the IJ." *Udo v. Garland*, 32 F.4th 1198, 1202 (9th Cir. 2022) (citations omitted). "We review the [BIA's] legal conclusions de novo and its factual findings for substantial evidence." *Id*. (citation and internal quotation marks omitted). "A finding by the IJ is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citation and internal quotation marks omitted).

1.      Substantial evidence supports the BIA's determination that Meza-Islas failed to establish past persecution. Meza-Islas argues that the "psychological and emotional trauma" inflicted upon him supported a finding of past persecution. But the record does not compel that conclusion. "Persecution . . . is an extreme concept that means something considerably more than discrimination or harassment. . . ." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (citations and internal quotation marks omitted). Meza-Islas was attacked by five members of the Martinez family with a machete, resulting in a cut to his back, which healed

2

after a few weeks without medical treatment. This event did not rise to the level of persecution. *See id*. at 1061 (noting that "[w]e have repeatedly denied petitions for review when . . . the record did not demonstrate significant physical harm"). And although Meza-Islas received two threatening phone calls, "[t]hreats . . . constitute past persecution . . . only when the threats are so menacing as to cause significant actual suffering or harm." *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) (citations and internal quotation marks omitted). Finally, "the cumulative effect of all the incidents" do not "form a sufficiently negative portrait" of Meza-Islas's experience to require "a finding of past persecution." *Sharma*, 9 F.4th at 1061 (citations omitted).[1]

    **2.**    Meza-Islas contends that his family-based particular social group is cognizable. However, the BIA did not entertain Meza-Islas's "claim under a family-based particular social group" because he failed to "clearly or meaningfully raise a family-based social group" before the IJ. Meza-Islas does not challenge the BIA's ruling on this point. We therefore decline to disturb the BIA's decision. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (holding that the BIA "did not err when it declined to consider [the] proposed particular social

---

[1] Meza-Islas maintains that substantial evidence supports the determination that he has a well-founded fear of future persecution on account of his family ties. However, this issue is not before us. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency.").

groups that were raised for the first time on appeal"). In any event, "the lack of a nexus to a protected ground is dispositive of [petitioner's] . . . withholding of removal claim[]." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (citation omitted). Substantial evidence supports the IJ's determination that Meza-Islas's past harm was not on account of a protected ground but was linked to a personal vendetta between families.

3.      Substantial evidence also supports the agency's denial of CAT relief. To establish eligibility for CAT relief, an applicant must establish the existence of a "*particularized threat of torture* . . . inflicted by or at the instigation of or with the consent and acquiescence of a public official or other person acting in an official capacity." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citation omitted) (emphasis in the original). Although Meza-Islas contends "that the Mexican police force is plagued with corruption at all levels," he does not "cite any direct evidence that the Mexican government or local Mexican officials are aware of and have acquiesced in any . . . plan to torture [Meza-Islas]." *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (citation omitted). Thus, "the record does not *compel* the conclusion that [Meza-Islas] faces any ongoing or particularized threat of torture." *Rodriguez-Hernandez v. Garland*, 89 F.4th 742, 754 (9th Cir. 2023) (citation, original alterations, and internal quotation marks omitted) (emphasis in the original).

**PETITION DENIED.**[2]

---

[2] Meza-Islas's motion to stay removal, Dkt. 4, is denied. The temporary stay of removal shall remain in place until the mandate issues.